UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:08-CR-00038-R

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

**v.**

**BILLI JO SMALLWOOD**                                                                **DEFENDANT**

**OPINION AND ORDER**

This matter comes before the Court upon Defendant's Motion to Require the Government to Disclose and Provide Any Tape Recorded Interviews of Eric and Kristine Torres and Any Other Witness Who Has or May Have Favorable Information (DN 27). Plaintiff has responded (DN 29), and Defendant has replied (30). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion is GRANTED IN PART.

The Defendant requests the disclosure of exculpatory information which is currently in the possession of the United States or which may come into the knowledge, possession, custody, or control of the United States, citing *Brady v. Maryland*, 373 U.S. 83 (1963). In *Brady*, the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. Thus, "*Brady* assures the production of exculpatory evidence material to either the guilt or penalty phases of a trial." *Coleman v. Mitchell*, 268 F.3d 417, 438 (6th Cir. 2001). This disclosure must be made "in time for effective use at trial." *United States v. Presser*, 844 F.2d 1275, 1285 (6th Cir. 1988).

The Government states that it will fulfill its obligation to make timely disclosure of exculpatory and impeaching evidence, and will provide such evidence in advance of trial, in accordance with a time table established by the Court. However, it argues that Defendant's

present motion should be denied because she seeks premature disclosure.

Because the United States is considering whether to request approval of the death penalty in this matter, the United States Attorney "shall give counsel for the defendant a reasonable opportunity to present any facts, including any mitigating factors, for the consideration of the United States Attorney." United States Attorneys' Manual § 9-10.050.  Defendant's counsel will also have the opportunity to argue before the Department of Justice's Capital Review Committee.  *Id.* § 9-10.120.  "The Attorney General will make the final decision whether the Government should file a notice of intent to seek the death penalty." *Id.*  "No final decision to seek the death penalty shall be made if defense counsel has not been afforded an opportunity to present evidence and argument in mitigation." *Id.*  These guidelines do not create any substantive or procedural rights, but they are helpful in understanding what role the Defendant may have in the determination of whether the United States will seek the death penalty.  *Id.* § 1-1.100.

District courts have broad discretion in regulating discovery.  *Rhodes v. McDaniel*, 945 F.2d 117, 119 (6th Cir. 1991).  Moreover, "a trial court may have some inherent power to enter specific orders compelling the disclosure of specific evidence when justice requires it." *Presser*, 844 F.2d at 1285 n.12.  At this stage of the proceedings *Brady* may not mandate the disclosure of exculpatory evidence.  However, a strong argument can be made that the determination of whether to seek the death penalty concerns the limits of the punishment that the Government will ultimately seek.  This process has safeguards that provide the Defendant an opportunity to present all favorable evidence to suggest that the death penalty is inappropriate in this case.  Without *Brady* material Defendant could be inhibited in presenting all evidence favorable to the

accused that is relevant to whether or not the United States will seek the ultimate punishment.

Therefore, in the interest of justice, IT IS HEREBY ORDERED that the United States shall disclose *Brady* exculpatory evidence to the Defendant in time for effective use in her arguments to the United States Attorney and the Capital Review Committee.