UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
**(Electronically Filed)**

5:08CR-38-R
UNITED STATES OF AMERICA,                                                      PLAINTIFF,

vs.

BILLI JO SMALLWOOD                                                             DEFENDANT.

## MOTION TO SUPPRESS STATEMENTS AND ADMISSIONS AS WELL AS ANY EVIDENCE COLLECTED AT THE SITE WITHOUT A WARRANT

Comes the Defendant, by and through her undersigned counsel, and respectfully moves this Honorable Court to suppress any and all statements and/or admissions allegedly given by the Defendant, whether oral, written or otherwise recorded, which the government proposes to use as evidence against her. The Defense also moves to suppress any evidence collected without the benefit of a search warrant. A memorandum in support of this motion will be filed under separate cover.

In support of this motion, the Defendant states the following;

According to discovery filed by the United States in this case, Mrs. Smallwood is alleged to have made a variety of statements to law enforcement or CID agents after being questioned by them about these charges. Many of these statements/interviews occurred while the Defendant was in the hospital either directly after the fire that killed her young children, or while she was recovering from the severe burns she acquired on various parts

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

of her body.

During a majority of the statements, Mrs. Smallwood was still confined to a hospital bed in a burn unit and under the influence of pain medication which impaired her volition. While not officially arrested, she was certainly "not free to leave" and at the "complete mercy of the ATF and CID officials, unable to escape or resist the thrust of the [detectives'] interrogation" at the time she was questioned by law enforcement. *Mincey v. Arizona*, 437 U.S. 385, 398-399 (1978). What remains unclear is at what point, if ever, the Defendant was informed of her *Miranda* rights. Further, even if the Defendant was ever informed of her *Miranda* rights prior to making any statements to law enforcement or CID agents, the government has the burden of demonstrating that Mrs. Smallwood understood those *Miranda* warnings, and made a knowing and intelligent and voluntary waiver of those rights prior to making any statements. *Miranda v. Arizona*, 384 U.S. 436 (1965).

Her severe medical condition and her severe mental distress, coupled with the significant pain medication that was being administered to the Defendant during her various interviews, affected not only her ability to understand and make a valid waiver of her *Miranda* rights (even if given), but it also affected her ability to acknowledge the situation and to make any "voluntarily" choices, let alone choices of whether or not to speak to law enforcement. In addition, any other statements or evidence that stemmed from these statements, are fruit of the poisonous tree and are thereby also prohibited by law. See Generally, *Wong Sun v. United States*, 371 U.S. 471 (1963). Law Enforcement also searched through the home and collected evidence without the benefit of a search warrant

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

which is invalid. *Mincey v. Arizona*, 437 U.S. 385 (1978). Although CID obtained a "consent to search" signature from Mrs. Smallwood on May 31, 2007, that "consent" was also involuntary owing to her condition. Moreover even assuming arguendo that the court finds that consent to be valid, any evidence collected prior to that consent would not be admissible and anything found subsequent to that consent that is in any way connected to the first search, would also be inadmissible.

For these reasons, the Defense claims that any statements and/or admissions made by Mrs. Smallwood in this case were obtained in violation of the Defendant's privilege against self-incrimination and her right to counsel, as guaranteed by the Fifth and Sixth Amendments to the United States Constitution. Further, any statements and/ or admissions were also obtained in violation of the rights secured the Defendant by the Supreme Court's holding in *Miranda v. Arizona*, 384 U.S. 436 (1965). Any statements and/or admissions by Mrs. Smallwood to any agent of law enforcement were also involuntary and any evidence or other statements that stemmed from the above interviews constitute fruit of the poisonous tree and are also prohibited. Lastly, any evidence seized pursuant to an invalid search and seizure must also be suppressed.

WHEREFORE, for the above reasons and for any other reasons which may appear to the Court, the Defendant, moves that any and all statements and/or admissions which the government proposes to use as evidence against Mrs. Smallwood, whether oral, written or otherwise recorded, be suppressed as well as any evidence against the Defendant that was obtained either directly or indirectly as a result of any illegal actions by the police.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

/s/ Laura R. Wyrosdick, Esq.
Assistant Federal Defender
629 S. Fourth Avenue
200 Theatre Building
Louisville, Kentucky 40202

/s/ Rob Eggert, Esq.
Attorney at Law
600 W. Main Street
Suite 300
Louisville, Kentucky 40202

Counsel for Defendant.

## **CERTIFICATE**

I certify that on the 28th day of May, 2010 a copy of the foregoing motion was served on the parties hereto by electronically filing same to their respective counsel of record: Marissa Ford, Esq. and Jim Lesousky, Esq., Assistant United States Attorneys.

/s Laura R. Wyrosdick, Esq.
/s/ Rob Eggert, Esq.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808