# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:08-CR-00038

UNITED STATES OF AMERICA                                              PLAINTIFF

v.

BILLI JO SMALLWOOD                                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the government's Motion to Continue (Docket #123). Defendant has objected (Docket #125). The Court held a conference call on October 13, 2010, prior to the filing of these documents. During that call, as documented in the Court's Order (Docket #124), the government made an oral motion to continue the jury trial set to begin on October 18, 2010. Defendant did not object during the telephone conference to continuance of the trial. Accordingly, the Court cancelled the jury trial so that the government could proceed with its appeal. Defendant has since filed several objections as to the continuance of the trial.

The government moved to continue the trial on the basis that it intends to file a Notice of Appeal as to the Court's Memorandum Opinion and Orders entered October 12, 2010, which suppress and exclude certain evidence at trial, including the government's tool mark expert. The government has a right to appeal "a decision or order of a district court suppressing or excluding evidence" so long as the appeal is "not made after the defendant has been put in jeopardy" and if the government "certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding." 18 U.S.C. § 3731. The Court finds that the government has complied with these requirements.

The government's brief states that the government anticipates filing a Notice of Appeal, with appropriate certification, on or before October 15, 2010. Presently, the government has not

filed this Notice because the United States Attorney for the Western District of Kentucky is currently out of the office on business. Defense counsel was made aware of these circumstances during the October 13, 2010, telephone conference and presented no objection at that time.

In addition, the government's appeal clearly concerns "a substantial proof of a fact material in the proceeding." 18 U.S.C. § 3731. At issue in this case is the identity of the person who ignited the fire in the Smallwood home on May 29, 2007. There is evidence indicating that someone slashed the tires and vandalized the Smallwood's vehicle that same night. The government's tool mark expert attempts to connect the knife found in the Smallwoods' residence to the slashed tires. This opinion is therefore relevant as to Defendant's role in the ignition of the fire and any allegations that Defendant may have manufactured evidence.

Defendant also argues that the "ends of justice" are not served by granting a continuance, as the government's appeal does not "outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). First, the Court notes that "delay resulting from any interlocutory appeal" is specifically addressed and excluded from the computation of time under the Speedy Trial Act by § 3161(h)(1)(C). In addition, the Court finds that the government's right to appeal outweighs any speedy trial interests. This is a complex case that has been treated as such in regards to speedy trial issues since very early on in this case. Moreover, the government is granted a right to interlocutory appeal under § 3731, and would have no other recourse to challenge this Court's rulings if the Court were to deny that appeal at this time. Accordingly, the Court finds that there are no speedy trial issues.

In conclusion, the Court finds that Defendant's objections must be OVERRULED. The government's motion to continue is GRANTED.

IT IS SO ORDERED.