UNITED STATES OF AMERICA                                    PLAINTIFF

v.

BILLI JO SMALLWOOD                                          DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's Second Renewed Motion for

Revocation of Detention Order and for the Court to Hold Prompt Hearing on Motion (Docket

#129).  The government has responded (Docket #134).  A hearing was held in this matter on

November 4, 2010.  This matter is now ripe for adjudication.  For the following reasons,

Defendant's motion is DENIED.

### BACKGROUND

This case arises from a fire that occurred on May 29, 2007, at the Fort Campbell,

Kentucky, United States Army base.  Defendant Billi Jo Smallwood resided at 4137 Dixie Road,

unit D, with her husband, Wayne Smallwood, and three minor children.  In the early morning

hours of May 29, 2007, neighbors reported a fire at the Smallwood residence to the Fort

Campbell Fire Department.  Upon arrival, the firefighters discovered Billi Jo and Wayne

Smallwood, with their youngest child, outside the residence.  The other two children were still in

the house.  Firefighters attempted to rescue the two children, but neither survived.  Billi Jo

Smallwood was transported to Vanderbilt Medical Center for treatment of severe burns she

received during the fire.

Mrs. Smallwood was indicted on November 13, 2008, for malicious damage and

destruction by fire to property owned by the United States and malicious damage and destruction

by fire to property owned by the United States resulting in deaths. She was arrested on November 18, 2008. Mrs. Smallwood was arraigned on December 17, 2008, and the Magistrate Judge ordered that she remain in custody prior to trial. A motion for revocation of that detention order was filed on January 27, 2009. The Court held a hearing as to that motion on March 11, 2009, and denied the motion by Order filed on April 17, 2009.

This matter was set for trial on October 18, 2010. Shortly before that date, the government filed a notice of appeal as to an Order by the Court granting Mrs. Smallwood's motion to exclude the government's toolmark expert under the *Daubert* standard. The trial date has been vacated until that appeal is final. Mrs. Smallwood now moves for the second time to revoke her detention pending trial.

## STANDARD

In determining whether a release is warranted in a particular situation, the statute requires the Court to use four factors in determining whether there are conditions of release that will "reasonably assure" the appearance of the Defendant and the safety of the community. *See* 18 U.S.C. § 3142(g) (stating in part that "[t]he judicial officer shall, in determining whether there are conditions of release that will *reasonably assure* the appearance of the person as required and the safety of any other person and the community" (emphasis added)); *see also United States v. Hansen*, 108 F. App'x 331, 332 (6th Cir. 2004) (noting that the requirement is not one of "guarantee," but instead "reasonable assurance"). These four factors under § 3142(g) include:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

2

     (3)      the history and characteristics of the person, including--

          (A)      the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

          (B)      whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

     (4)      the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g)(1)-(4).  If the Court concludes that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the person shall be detained prior to trial.  18 U.S.C. § 3142(e).  Such a finding must be supported by clear and convincing evidence.  18 U.S.C. § 3142(f).

## DISCUSSION

The Court considers all four factors set forth in 18 U.S.C. § 3142(g).  The first factor weighs in favor of detention, as the offense charged is a very serious crime of violence.  Defendant is charged with maliciously damaging and destroying by fire living quarters at Fort Campbell and as a result of that conduct, directly causing the deaths of her nine year old son and two year old daughter.

The second factor looks at the weight of the evidence against Defendant.  At the time of the first revocation hearing, Defendant was potentially facing the death penalty.  Since that time, the Justice Department has determined that it will not pursue the death penalty.  Defendant still

faces, however, the possibility of life imprisonment.

The government's case is based on circumstantial evidence, which, at the time of the first revocation hearing, the Court believed there was "considerable strong circumstantial evidence against the Defendant." April 17, 2009 Order, DN 24, p. 2. New evidence has come to light which demonstrates that the residence was not secure at the time of the fire. The Grand Jury was informed at the time of the Indictment that all of the doors and windows to the residence were locked and secured from the inside. Since that time, experts in this case have determined that at least one of the windows was open at the time of the fire. It is upon this change that Defendant bases her motion for revocation.

The Court believes that the government still has ample evidence to support a finding of probable cause to issue the Indictment, and may still obtain a conviction. Although one of the circumstances supporting the evidence may have changed or been eliminated, the Court still believes that the government has a strong case against Defendant.

The third factor, regarding the history and characteristics of Defendant, weighs in favor of revoking detention. As evidenced by the testimony given at the revocation hearing, Defendant has strong ties to both her family and community. She has no prior criminal record and has cooperated in the investigation. There are no disciplinary reports from the Oldham and Grayson County jails regarding the time she has spent in those facilities pending trial. There is also no evidence of drug or alcohol abuse. Further, witnesses at the revocation hearing spoke passionately of her strong character and values. Family members have offered to assume custodial responsibility for Defendant, and have offered their homes and property as collateral to secure a bond for Defendant.

The fourth factor examines the nature and seriousness of the danger posed to any person or the community were the Defendant to be released.  In the Court's order denying the initial motion to revoke, the Court noted that there was some past history of domestic violence between Defendant and her husband, and the government believes this rocky relationship led to Defendant's husband being the target of the deadly fire.  Although Defendant's husband has testified on her behalf, this factor has not changed.  Moreover, if Defendant is released, the Court would be required to place limitations on Defendant's visitation with her child.  Even with these limitations, however, if Defendant is in fact guilty, it would be difficult to assure the safety of Defendant's child in light of the nature of the crime charged.  The Court does not find that Defendant poses any danger to the community in general.

The Court has spent considerable time on this motion.  It is a serious matter.  In addition, the Court has reviewed other decisions it has rendered in detention matters.  Also, the Court has discussed this matter with the Probation Office which has considerable experience in detention matters, terms of release, and supervision.  The Court has attempted to weigh and balance all the statute's factors and the Court's knowledge of the strengths and weaknesses of the government's case.  This is a difficult case and the decision is not an easy one.

In the end, the Court finds that the change in circumstances is not substantial enough to refute the clear and convincing evidence that no conditions of release could reasonably assure the safety of any other person and the community.  Defendant's crime is a serious one for which she faces the possibility of life imprisonment.  In light of the nature of the crime charged and Defendant's prior relationship with her husband, the Court has a duty to protect the safety of Defendant's child and husband.  While conditions can be imposed, these are not foolproof, nor

may they be sufficient.  Accordingly, the Court denies Defendant's motion.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Second Renewed Motion for Revocation of Detention Order is DENIED.