UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:08CR-38-R

**UNITED STATES OF AMERICA**                                                                          **PLAINTIFF**

**v.**

**BILLI JO SMALLWOOD**                                                                                **DEFENDANT**

**SCHEDULING ORDER**

A telephonic further proceedings was held on October 14, 2011. Appearing on behalf of the United States was Marisa J. Ford and James R. Lesousky, Jr., AUSA. Laura R. Wyrosdick, Asst. Federal Public Defender, appeared on behalf of the Defendant.

Terri Turner, Official Court Reporter, recorded the proceedings.

**IT IS ORDERED:**

1. This matter is set for trial by jury on **June 18, 2012 at 9:00 a.m.** Counsel shall appear in chambers at 8:30 a.m.

2. If reciprocal discovery has not been exchanged, the parties shall do so within seven days of the date of this order. The parties shall comply with Rule 16.

3. The United States is encouraged to disclose Jencks Act material prior to trial, however, pursuant to 18 U.S.C. § 3500, the United States cannot be required to produce Jencks Act material prior to trial.

4. To the extent required by *Giglio v. United States,* 405 U.S. 150 (1982) and *United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988), the United States is ordered to provide to defendant with *Giglio* material which shall include but not be limited to production of criminal records of government witnesses, deals, promises of leniency, bargains or other impeachment material. To the extent required by *Brady v. Maryland*, 373 U.S. 83 (1963) and *Presser*, the United States shall disclose any *Brady* material of which it has knowledge in the following manner:

(a) pretrial disclosure of any *Brady* material discoverable under Rule 16(a)(1);

(b) disclosure of all other *Brady* material "in time for effective use at trial."

If the United States has knowledge of *Brady* rule evidence and is unsure as to the nature of the evidence and the proper time for disclosure, it may request an in camera hearing for the purpose of resolving this issue. Failure to disclose *Brady* material at a time when it can be used effectively may result in a recess or a continuance so that the defendant may properly utilize such evidence.

5. Grand Jury materials shall not be disclosed except to the extent required by *Brady, Giglio* and the Jencks Act.

6. The Government shall provide 404(b) evidence **three weeks prior to trial.** Any objections by defendant shall be filed within 7 days.

7. Fourteen days prior to trial counsel shall file an exhibit list of exhibits they intend to introduce as evidence in chief and allow opposing counsel to inspect the exhibit. Any objection to the listed exhibits shall be filed 7 days prior to trial.

8. At least 7 days prior to trial, counsel are directed as follows:

(A)  PRETRIAL MEMORANDUM. A pretrial memorandum shall be filed by counsel for the United States and may be, but is not required to be, filed by any defendant. Such memorandum shall be filed seven (7) days prior to the date set for trial. The following format shall be followed for the pretrial memorandum:

    I. STATUTE INVOLVED AND ELEMENTS OF THE OFFENSE (with discussion of authorities, if disputed)

    II. STATEMENT OF FACTS (optional for defendant)

    III. SUBSTANTIVE ISSUES OF LAW WITH CITATIONS OF AUTHORITIES
(Defects in the indictment, defense of entrapment, constitutional issues, *Miranda*, illegal search, elements of conspiracy, etc. All issues to be separately stated and discussed.)

    IV. EVIDENTIARY ISSUES
(Any problems in putting on case, e.g. *Bruton* rule, learned treatises, line-up, authenticity of documents, mugshots, previous convictions, qualifications of experts, etc. -- with specific reference to Federal Rules of Evidence involved and pertinent authorities as to admissibility or non-admissibility of any expected controversial evidence.)

    V. INSTRUCTIONS
File agreed proposed jury instructions on the substantive law of the case. Whenever applicable, the parties are instructed to follow Fifth, Sixth and Eleventh Circuit Pattern Jury instructions. If any instruction cannot be agreed to or cannot be found in either the Fifth, Sixth or Eleventh Circuit Pattern Jury Instructions, the parties shall submit their proposed instructions with supporting authorities.

(B)  PROPOSED VOIR DIRE QUESTIONS.
(The Court will conduct voir dire.)

9. At the commencement of trial, U. S. Attorney shall furnish the official court reporter a list of pre-marked exhibits intended to be used at trial.

10. The U. S. Attorney shall retain possession of physical exhibits (i.e., weapons, ammunition, drugs, etc.) during and after the trial, pending further orders of the Court.

11. . The parties agreed this time should be excluded from the Speedy Trial Act.
Pursuant to 18 USC §3161(h)(8)(A), §3161(h)(8)B)(i), §3161(h)(8)(B)(ii), and §3161(h)(8)(B)(iv), the period of delay between October 14, 2011 and June 18, 2012 is excluded from the time allowed for a speedy trial, as stated in the official record.

**IT IS SO ORDERED.**

cc:    U. S. Attorney
       Defense Counsel
       U. S. Marshal
       U. S. Probation

P|15