NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0079n.06

No. 10-6347

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 23, 2012
LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellant, ) | |
| ) | ON APPEAL FROM THE |
| v. ) | UNITED STATES DISTRICT |
| ) | COURT FOR THE WESTERN |
| BILLI JO SMALLWOOD, ) | DISTRICT OF KENTUCKY |
| ) | |
| Defendant-Appellee. ) | |
| ) | |

BEFORE: MOORE and GRIFFIN, Circuit Judges; and QUIST, District Judge.[*]

PER CURIAM.

The government appeals the district court's order excluding the proposed expert testimony of tool mark examiner Kristen Gerber pursuant to Federal Rule of Evidence 702. We affirm.

I.

This case arises from an early morning fire at Wayne and Billi Jo Smallwoods' residence on the Fort Campbell, Kentucky, United States Army base. When firefighters arrived at the residence, they found Wayne, Billi Jo, and the Smallwoods' youngest child outside. The firefighters attempted to rescue two other children who were still inside the residence, but were unsuccessful. Billi Jo was later treated for second-degree burns to the fronts of both of her legs and for a burn on her right forearm.

---

[*]The Honorable Gordon J. Quist, Senior United States District Judge for the Western District of Michigan, sitting by designation.

*No. 10-6347*
*United States v. Smallwood*

While inspecting the scene, Special Agent Amber Wojner of the United States Army Criminal Investigation Command noticed that the tires of the Smallwoods' vehicle had been punctured and that a message had been written on the vehicle's exterior. The message echoed a threatening phone call that Billi Jo had allegedly received prior to the fire. *United States v. Smallwood*, No. 09-5566, at 3 (6th Cir. Aug. 17, 2009). Law enforcement officers also discovered a knife on a desk that firefighters had pulled from the Smallwoods' residence.

Billi Jo was subsequently indicted for malicious damage and destruction by fire to property owned by the United States and malicious damage and destruction by fire to property owned by the United States resulting in deaths. Prior to trial, she moved to exclude the testimony of the government's tool mark expert Kristin Gerber, who planned to testify that the knife found on the desk was the knife used to puncture the vehicle's tires. After a four-day hearing, the district court found that Gerber's testimony was unreliable and granted the motion.

The government timely appeals.

II.

Under Federal Rule of Evidence 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:"

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

*No. 10-6347*
*United States v. Smallwood*

Fed. R. Evid. 702.

The trial judge is the gatekeeper of expert evidence. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 142 (1997). "As a gatekeeper, the trial judge has discretion in determining whether a proposed expert's testimony is admissible based on whether the testimony is both relevant and reliable." *Rose v. Truck Ctrs., Inc.*, 388 F. App'x 528, 533 (6th Cir. 2010) (citing *Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426, 429 (6th Cir. 2007)). The trial judge must assess "whether the reasoning or methodology underlying the testimony is scientifically valid and [ ] whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993).

This court reviews a district court's decision to exclude expert testimony for an abuse of discretion. *Joiner*, 522 U.S. at 139; *Nolan v. Memphis City Sch.*, 589 F.3d 257, 265 (6th Cir. 2009) (holding that "[b]road discretion is given to district courts in determinations of admissibility . . . and those decisions will not be lightly overturned") (citation and internal quotation marks omitted). A district court abuses its discretion when it bases its ruling on an erroneous view of the law or on a clearly erroneous view of the facts. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990); *see also Amernational Indus. Inc. v. Action-Tungsram, Inc.*, 925 F.2d 970, 975 (6th Cir. 1991).

III.

In excluding Gerber's testimony in this case, the district court reasoned that she "does not have the 'skill and experience' with knife marks to reliably make the required subjective determination." The government argues that the district court abused its discretion because it read

No. 10-6347
United States v. Smallwood

the standard promulgated by the Association of Firearms and Toolmark Examiners ("AFTE") too narrowly when it required that Gerber have extensive experience in examining toolmarks left by knives in order to be qualified as an expert witness in the area of toolmark examination. According to the government, although the AFTE theory lacks an objective standard, competent firearms toolmark examiners still operate under standards controlling their profession, and the fact that Gerber has less experience with knife toolmarks than with firearms toolmarks is not a valid reason to preclude her testimony. We find the government's argument unconvincing.

The AFTE guidelines provide that a qualified examiner may determine that there is a match between a tool and a tool mark when there is "sufficient agreement" in the pattern of two sets of marks. *Theory of Identification*, 30 AFTE J. 86, 86 (1998). "Agreement is significant when it exceeds the best agreement demonstrated between toolmarks known to have been produced by different tools and is consistent with agreement demonstrated by toolmarks known to have been produced by the same tool." *Id.* (using "sufficient" and "significant" interchangeably). Because such determinations "involve subjective qualitative judgments . . . the accuracy of [an] examiner['s] assessment[] is highly dependant on [her] skill and training." *See* National Research Council of the National Academies, *Strengthening Forensic Science in the United States: A Path Forward* 153 (2009).

Here, Gerber "testified that her training in knives was limited to one class that did not solely cover knives, but rather 'covered an array of different tools and marks.'" She further testified that she had only looked at knife marks in tires on one occasion prior to this case, i.e., during that class.

*No. 10-6347*
*United States v. Smallwood*

And she acknowledged that knife cases are rare in her lab, that she has never testified in a knife case before, and that she did not test any other knives for purposes of rendering her opinion in this case. The district court did not abuse its discretion in sustaining Smallwood's objection to Gerber's testimony. Notwithstanding Gerber's significant experience with tool marks generally, her opinion that there is "sufficient agreement" between her test marks and the puncture marks found in the tires of the Smallwoods' vehicle is unreliable under the AFTE's own standard because she has virtually no basis for concluding that the alleged match exceeds the best agreement demonstrated between tool marks known to have been produced by different tools.

   AFFIRMED.

## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| Leonard Green<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |
|---|---|---|

Filed: January 23, 2012

Ms. Marisa J. Ford
Mr. James R. Lesousky
U.S. Attorney's Office
510 W. Broadway
Tenth Floor
Louisville, KY 40202

Mr. Frank W. Heft Jr.
Ms. Laura R Wyrosdick
Western Kentucky Federal Community Defender, Inc.
629 S. Fourth Avenue
Suite 200
Louisville, KY 40202

Re:  Case No. 10-6347, *USA v. Billi-Jo Smallwood*
Originating Case No. : 08-00038-001

Dear Counsel:

   The Court issued the enclosed (Order/Opinion) today in this case.

                                        Sincerely yours,

                                        s/Patricia J. Elder
                                        Senior Case Manager
                                        Direct Dial No. 513-564-7034

cc:  Ms. Vanessa L. Armstrong

Enclosure

Mandate to issue