UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:08-CR-00038-TBR

UNITED STATES OF AMERICA                             PLAINTIFF/RESPONDENT

v.

BILLI JO SMALLWOOD                                    DEFENDANT/PETITIONER

**MEMORDANDUM OPINION AND ORDER**

    This matter comes before the Court on Defendant/Petitioner Billi Jo Smallwood's § 2255 habeas petition. (Docket #264, 265). The United States has filed a response. (Docket #280). Smallwood has filed a reply. (Docket #283). This Court referred the matter to Magistrate Judge King for a report and recommendation. (Docket #268). A report and recommendation has been issued. (Docket #284). Smallwood filed an objection. (Docket #285). The matter is now ripe for decision. For the foregoing reasons, the Court DENIES Smallwood's habeas petition.

INTRODUCTION

    Smallwood was convicted of 18 U.S.C. § 844(i), which criminalizes the destruction of a building by fire. The statutory penalty is increased if a death results from the fire. Two of Smallwood's minor children died in the fire. Smallwood was sentenced to a 300-month term of imprisonment, which represented a downward departure from the advisory sentencing guideline range. Smallwood did not appeal her conviction on advice of her counsel, who warned her that the government would likely also appeal and she would receive a longer sentence.

    Smallwood has now filed a § 2255 habeas petition. Smallwood lists twelve grounds for relief. Magistrate Judge King recommended that Smallwood's petition be denied. Smallwood

1

has filed an objection. After a *de novo* review, this Court adopts Magistrate Judge King's report and recommendation and denies Smallwood's petition for the following reasons.

## STANDARD

A prisoner may request that her sentence be set aside on the grounds that it was "imposed in violation of the Constitution or laws of the United States." 28 USCS § 2255(a). "The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction," but only "when the error qualifies as a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Slater v. United States*, 38 F. Supp. 2d 587, 589 (M.D. Tenn. 1999) (*quoting Reed v. Farley*, 512 U.S. 339 (1994)).

## DISCUSSION

Smallwood lists twelve reasons for her § 2255 habeas petition. The Court will address them in the same order as Smallwood presents them in her petition.

**I.    Grand Jury Errors and False Statements and Omissions before the Grand Jury.**

Smallwood first two bases for her petition are that there were errors in grand jury indictment process. Specifically, Smallwood alleges that the prosecutor and witnesses that testified before the grand jury made false statements which led to her indictment. (Docket #263).

There are two reasons why these arguments fail. First, a claim that false testimony was presented to the grand jury is rendered harmless if the defendant is subsequently convicted by a petit jury. *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996) ("any error by the prosecution before the grand jury is harmless because [the defendant] was subsequently convicted by the petit jury"); *see also United States v. Mechanik*, 475 U.S. 66, 71-73 (1986); *United States v. Thompson*, 2009 U.S. Dist. LEXIS 9667 *15-16 (E.D. Ky. 2009). Second, Smallwood's arguments are procedurally defaulted because Smallwood should have, before trial,

raised issues relating to the grand jury indictment. *United States v. Combs*, 369 F.3d 925, 936 (6th Cir. 2004) ("Combs insists the police officer testified falsely to the grand jury. But Combs forfeited this issue by not raising it before trial").

## II. Decision not to call experts.

Smallwood's third complaint is that her counsel was ineffective for failing to call an expert witness.

The "right to counsel" implies the "right to effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 692 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 694 ("Judicial scrutiny of counsel's performance must be highly deferential.").

The "decision of which witnesses to call is quintessentially a matter of strategy for the trial attorney." *Boyle v. McKune*, 544 F.3d 1132, 1139 (6th Cir. 2008); *Awkal v. Mitchell*, 613 F.3d 629, 641 (6th Cir. 2010) (calling the strategic choice of which witnesses to call a "virtually unchallengeable" decision). The Supreme Court has noted that "[i]n many instances cross-examination will be sufficient to expose defects in an expert's presentation" and may be "the best strategy . . . to say that there is too much doubt about the State's theory." *Harrington v. Richter*, 562 U.S. 86 (2011).

Smallwood's trial counsel did retain a fire expert before trial. (Docket #119). Her counsel's decision to not call an expert witness at trial, but instead rely on cross-examining the prosecution's expert was a strategic choice entitled to deference from this Court. Having presided over the trial, the Court believes it was a very reasonable and well-considered strategic choice.

### III.  Stipulation to Cause of Death.

Smallwood's fourth complaint is her trial counsel was ineffective for stipulating to the cause of Smallwood's children's death.

The parties stipulated that Smallwood's children died from thermal and smoke inhalation injuries. An autopsy also shows that Smallwood's son had suffered blunt force trauma to the head and lacerations to the chest. (Docket #204, p. 129).

Trial counsel made the strategic decision to stipulate that the children died from thermal and smoke inhalation. Smallwood criticizes this decision because the government could have still raised evidence of the blunt force trauma. *United States v. Boyd*, 640 F.3d 657, 668-69 (6th Cir. 2011). Nevertheless, stipulating to the cause of death served several purposes. First, by stipulating to the cause of death, Smallwood's counsel lessened the probability that the prosecution would introduce evidence of cause of death and include evidence regarding blunt force trauma. Such evidence may have suggested child abuse and made Smallwood less sympathetic to a jury, whether she was viewed as the abuser or aware of her husband's abuse. Stipulating also decreased the risk that the Court would allow gruesome photographs of the children's bodies to be introduced. Finally, stipulation did not, as Smallwood argues, "close[ ] the door to the theory that someone entered the home and intentionally harm[ed] defendant's son and set the fire." (Docket #285). Stipulating to the cause of death would not foreclose the

4

possibility that another person entered the house and set the fire. As for the blunt force trauma suffered by Smallwood's son, trial counsel rationally believed that not raising the issue was preferable to disclosing the blunt force trauma and then trying to convince the jury that an unknown stranger inflicted the injuries.

Stipulating to the cause of death was a strategic decision made by Smallwood's trial counsel and does not reflect ineffective assistance of counsel. Having presided over the trial, the Court believes it was a sound strategic decision that was well-considered.

### IV.     Prosecutorial misconduct.

Smallwood's fifth and tenth complaints are for prosecutorial misconduct. Smallwood argues the prosecutor acted improperly by incorrectly paraphrasing Smallwood's comments about a "blue flame," insinuating Smallwood was motivated to kill her husband to recover on a $400,000 life insurance policy, and showing the jurors a picture of a knife recovered at the scene.

The Sixth Circuit has adopted a two prong test for determining whether prosecutorial misconduct warrants a new trial. *See United States v. Carroll*, 26 F.3d 1380, 1385-87 (6th Cir. 1994). A court must first "consider whether the prosecutor's conduct and remarks were improper." *United States v. Carter*, 236, F.3d 777, 785 (6th Cir. 2001) (citing *Carroll*, 26 F.3d at 1387). Only if the court determines that the remarks were improper must it then decide whether those remarks were flagrant. Id. To determine whether improper remarks were flagrant, the court must weigh four factors: "(1) whether the conduct and the remarks of prosecutors tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) whether the evidence against the defendant was strong." *Id*. (*citing Carroll*, 26 F.3d at 1385); *see also Darden v. Wainwright*, 477 U.S. 168, 181 (1986) ("The relevant question is whether the

prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'") (*quoting Donnelly v. DeChristoforo*, 416 U.S. 637 (1974)).

Two of Smallwood's claims for prosecutorial misconduct have already been addressed by this Court. This Court ruled "the prosecutor's remarks about the life insurance policy were not improper under the first prong of the *Carroll* analysis" and the "brief display of the picture of the knife worked no prejudice on the Defendant." (Docket #247).

Smallwood's remaining claims for prosecutorial misconduct are procedurally barred because Smallwood did not raise them at trial or on direct appeal. *Besser v. United States*, 2013 U.S. Dist. LEXIS 10132 (W.D. Mich. 2013); *Kidd v. United States*, 2013 U.S. Dist. LEXIS 178641 (E.D. Tenn. 2013) ("Because Kidd failed to raise his prosecutorial misconduct claim at the district court level or on direct appeal, his claim is procedurally defaulted").

**V.    Counsel decision not to investigate certain theories.**

Smallwood also claims that her counsel was ineffective for failing to investigate alternative legal theories, such as another person introduced an accelerant at the scene "post-fire." Smallwood speculates this evidence was planted by a jealous ex-girlfriend attempting to get rid of Smallwood, or by the military in an attempt to cover up why the residence was destroyed before the fire could be put out.

"In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland v. Washington*, 466 U.S. 668, 691 (1984). "[W]hen the facts that support a certain potential line of defense are generally known to counsel because of what

6

the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether." *Id*.

Defense counsel focused on the theory that a suspect who was seen running from the house had introduced the accelerant at the residence and started the fire. (Docket #211, p. 64). This theory would be undermined by also arguing that the accelerant was introduced days after the fire. Defense counsel was not ineffective for failing to investigate these incompatible, speculative theories.

VI. **Ineffective assistance of counsel**

Next, Smallwood lists several actions that she contends constituted ineffective assistance of counsel by her defense counsel.

There is a two-step process to establish an ineffective assistance of counsel claim. First, the petitioner must show that counsel's representation "fell below the standard of a competent attorney," with the caveat that there "is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *McMullan v. Booker*, 761 F.3d 662, 673 (6th Cir. 2014) (*quoting Strickland*, 466 U.S. at 689). Second, the petitioner must show prejudice, which means that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*.

First, Smallwood argues that her defense counsel failed to properly explain to her the elements of the crime, the rules of evidence, and the subpoena power of the court. "It is axiomatic that an attorney must keep his client informed on all important developments during the course of a criminal prosecution." *Fuentez v. Brown*, 2010 U.S. Dist. LEXIS 111096 *37 (E.D. Cal. 2010); *Lewandowski v. Makel*, 949 F.2d 884, 887 (6th Cir. 1991). However, this

does not mean, nor would it be practical, for defense counsel to educate a defendant on the minutiae of the law.  Defense counsel is a surrogate for the legal knowledge that a layman lacks.  *Powell v. Ala.*, 287 U.S. 45, 68-69 (1932).  Failure to inform means the failure to notify the defendant "on all **important** developments during the course of a criminal proceeding." (emphasis added)  *Fuentez v. Brown*, 2010 U.S. Dist. LEXIS 111096 at *37;  *cf. United States v. Leonti*, 326 F.3d 1111, 1117 (9th Cir. 2003) ("it is ineffective assistance to fail to inform a client of a plea bargain");  *Baldayaque v. United States*, 338 F.3d 145, 152 (2nd Cir. 2003) (finding a failure to inform where lawyer lost touch with client and failed to communicate any case developments).

Second, Smallwood contends that her counsel was ineffective for not consulting her before agreeing to stipulate to the cause of death.  As explained above, the decision to stipulation to cause of death was a strategic decision entitled to deference.  Smallwood argues that she should have nonetheless been informed about this decision before it was made.  Smallwood's argument is built on the assumption that decision to stipulate "exposed Defendant to a murder cross-reference in the sentencing guideline."  The Court disagrees.  If defense counsel had not stipulated to the cause of death, the government could have still proven Smallwood's children died from smoke inhalation and heat.  Defense counsel decision to stipulate did not expose Smallwood to any potential sentence that the government could not have readily accomplished, and as explained above, defense counsel had strategic reasons for stipulating.  In short, defense counsel's decision to stipulate was not prejudicial to Smallwood.  *McMullan*, 761 F.3d at 663.

Finally, Smallwood argues that defense counsel was ineffective for advising her not to appeal her conviction.  In general, defense counsel has a duty to discuss an appeal with the defendant.  *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).  "If counsel has consulted with the

8

defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id*. at 478. Smallwood argues that she did not understand that she would need to overcome a more difficult legal standard in filing a habeas petition than she would have on direct appeal. However, she admits that defense counsel warned her that if she appealed, the United States would have cross-appealed the downward departure of Smallwood's sentence. (Docket #264). Defense counsel's recommendation not to appeal was "reasonable," and absent an express refusal to follow Smallwood's instructions, defense counsel was not ineffective. *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000).

## VII. Certificate of Appealabilty.

The appeal of a dismissal of a habeas petition is governed by 28 U.S.C. § 2253(c). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a claim is also dismissed on procedural grounds, then the petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. at 478.

Neither the substantive analysis nor the procedural analysis in this case affords an opportunity for reasonable jurist to disagree. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

This Court has conducted a *de novo* review of the Magistrate Judge's report and recommendation and the objection filed thereto. It concludes Smallwood's claims are barred on

substantive and procedural grounds. Furthermore, Smallwood is not entitled to receive a certificate of appealability.

For the foregoing reasons, IT IS HEREBY ORDERED that the Court ADOPTS the findings of fact and conclusions of law as set forth in the report submitted by the United States Magistrate Judge (Docket #284).

IT IS FURTHER ORDERED that Billi Jo Smallwood's § 2255 habeas petition (Docket #264, 265) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED as to all claims raised by Smallwood's habeas petition, because the Court finds that reasonable jurists could not find it debatable whether Smallwood has stated a valid claim of the denial of a constitutional right or whether a plain procedural bar exists.

An appropriate Judgment will issue separately in conjunction with this Order.

IT IS SO ORDERED.



cc:	Billi Jo Smallwood, *pro se*
	Counsel for Respondent